UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON CHRISTOPHER WILLIAMS,<br><br>          Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | CV-F-06-0524 AWI<br>CR-F-02-5225 AWI<br><br>ORDER RE MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE PURSUANT TO 28 U.S.C. §2255 |

**I. History**

On June 20, 2002, Petitioner Byron Christopher Williams was indicted on three counts of violating 18 U.S.C. §2113(a), robbing a bank the accounts of which were insured by the Federal Deposit Insurance Company. Doc. 4.[1] Petitioner was represented by Melody Walcott, an attorney with the federal defender's office. On September 23, 2002, the parties lodged a plea agreement with the court. Doc. 15. A draft presentence investigation report was prepared by the U.S. Probation Office and made available October 28, 2002. At a hearing on that same day, Petitioner plead guilty to all three counts. Doc. 16. Petitioner was sentenced to 77 months imprisonment an 36 months of supervised release at a hearing on March 10, 2003. Doc. 20. Judgment was issued March 13, 2003. Doc. 21. No direct appeal was filed. Petitioner filed his Section 2255 habeas

---

[1] All citations to docket entries refer to filings in the criminal case (02-5225).

1

petition on May 2, 2006. Doc. 23.

## II. Legal Standards

Title 28 U.S.C. §2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. §2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted. Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980).

## III. Discussion

Petitioner argues the Federal Bank Robbery Act of 1934 is unconstitutional as applied in his criminal case as there is no interstate commerce nexus to support federal jurisdiction. Petitioner also alleges that the Sentencing Reform Act of 1984 does not permit a sentence of both imprisonment and supervised release as consecutive sentences.

However, Petitioner is time barred from filing a habeas petition based on these

arguments.  Habeas relief under Section 2255 is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner does not allege any impediment to filing his motion earlier.  Neither of Petitioner's arguments involves U.S. Supreme Court recognition of a new right made applicable to cases on collateral review.[2]  There are no new facts as the petition is based on pure law.  The applicable limitation is one year from the date on which the judgment became final.  In this case, judgment issued on March 13, 2003. Doc. 21.  Petitioner did not appeal so that judgment became final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed. See United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000) ("a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence").  In a criminal case, a notice of appeal must be filed within 10 court days of the district court's entry of judgment. See Fed. R. App. Proc. 4(b)(1)(A) and Fed. R. App. Proc. 26(a).  Therefore, Petitioner had through March 27, 2003 to file the notice; the judgment became final on March 28, 2003.

---

[2] The Ninth Circuit has made clear that the Federal Bank Robbery Act of 1934 as applied given the facts in this case is a proper exercise of federal jurisdiction in light of the U.S. Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995). United States v. Harris, 108 F.3d 1107, 1108-9 (9th Cir. 1997).  The Ninth Circuit also explained the interaction of 18 U.S.C. §3583 (which provides for supervised release) and statutes imposing imprisonment: "Appellant contends that this provision merely gives a sentencing court discretion to convert a portion of a term of imprisonment already authorized by a substantive criminal statute into a period of supervised release. We think the statute is better read as giving a sentencing court the option to tack a period of supervised release onto any term of imprisonment authorized by a substantive criminal statute." United States v. Montenegro-Rojo, 908 F.2d 425, 432 (1990).

The deadline for filing a habeas petition was March 29, 2004 (March 28, 2004 was a Sunday). Petitioner did not file his habeas petition until May 2, 2006, more than two years after the limitations period expired.  Accordingly, the petition is denied.

### IV. Order

The petition of Byron Christopher Williams to vacate, set aside, or correct the sentence imposed is DENIED and the case is ordered CLOSED.

IT IS SO ORDERED.

**Dated:   July 9, 2008**                             /s/ Anthony W. Ishii
                                                  CHIEF UNITED STATES DISTRICT JUDGE